UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | Case No. 23-MJ-5084-MAS<br><br>**Filed Under Seal** |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require Google LLC, an internet service provider headquartered in Mountain View, California, to disclose certain records and other information pertaining to the accounts described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. Google LLC is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require Google LLC to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). The offense in this matter involves the defrauding of a business located in the Eastern District of Kentucky. Thus,

the Court is a district court of the United States that has jurisdiction over the offense being investigated.

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The FBI is investigating the administrators of a cryptocurrency platform known as "Whitcoin", who are suspected of executing a type of fraud called pig-butchering scheme, wherein criminals lure victims into digital relationships to build trust before convincing them to invest in cryptocurrency platforms. This offense involves violations of 18 U.S.C. §§ 1343, 1349 (Wire Fraud, Conspiracy) and 1956, 1957 (Money Laundering, Conspiracy).

5. Through the course of the investigation, the FBI had identified victims who were lured into digital relationships with individuals associated with Whitcoin. After the perpetrators of the offenses established trust with victims, the victims were then convinced to invest in the Whitcoin cryptocurrency platform through their online URLs, or by downloading the Whitcoin application through the Apple Store. The victims would send the Whitcoin exchange funds via wire transfers or cryptocurrency transfers and would receive a message confirming the delivery of assets by way of the victim's Whitcoin online user profile. Unbeknownst to victims, the actors controlling the platform and would manipulate the Whitcoin application, so that it would appear

to victims reviewing their account that they had earned significant capital gains to the victim's investment. When the victim would request a withdrawal of funds from the application, or online service portal, a Whitcoin representative would message the victim to request additional funds be transferred to Whitcoin for an IRS tax payment to cover the capital gains made through the Whitcoin exchange. The Whitcoin representative would inform the victim that failure to pay the IRS tax payment through the Whitcoin application would result in termination of their online user profile.

6. In August 2022, Victim #1, a resident of the Eastern District of Kentucky, was contacted by a woman named "Sandy Fan". Fan claimed to be a Chinese national living and working in Vancouver, British Columbia, Canada. Fan convinced Victim #1 to invest money in Whitcoin exchange, a cryptocurrency trading platform. Victim #1 purchased ether and transferred it to Whitcoin exchange. In total, he invested $550,000 in cryptocurrencies. Over time, Victim #1 believed his holdings on the Whitcoin exchange exceeded $4,000,000. When Victim #1 tried to withdraw some funds in October 2022, however, he was told to pay $400,000 in taxes directly to Whitcoin before he could withdraw. This was when Victim #1 realized this was a scam. Several others have been victimized in a similar fashion throughout the United States.

7. According to records provided by Apple, Inc. in response to legal process, one of the usernames for the Whitcoin application administrators is registered with the email address clydeautryv464@gmail.com, hosted by Google. Also, the investigation has identified two Google email addresses, sokjin21@gmail.com and jsm514306@gmail.com, that were sent by Whitcoin representatives to victims when providing wiring instructions in efforts to steal more cryptocurrency. Records related to these three accounts are relevant and material into the

ongoing investigation, including by providing valuable insight into the account holders' personal identities, locations, and conduct.

## REQUEST FOR ORDER

8.      The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Google LLC be directed to produce all items described in Part II of Attachment A to the proposed Order.

9.      The United States further requests that the Order require Google LLC not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment A, of the existence of the Order for a time period of one year. *See* 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.* In this case, such an order would be appropriate because the attached court order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation.  Accordingly, there is reason to believe that notification of the existence of the attached court order will seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, destroy

or tamper with evidence, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual.

10. The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

By:   /s/ Kathryn M. Dieruf
Kathryn M. Dieruf
260 West Vine Street Suite 300
Lexington, KY 40507
(859) 685-4885
Kathryn.Dieruf@usdoj.gov